**STATE OF WEST VIRGINIA**

*In re* **I.A. and S.P.**

**No. 19-0152** (Harrison County 18-JA-61-1 and 18-JA-62-1)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother C.A., by counsel Julie N. Garvin, appeals the Circuit Court of Harrison County's January 3, 2019, order terminating her parental rights to I.A. and S.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Allison S. McClure, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed a petition that alleged the father, who was on parole, tested positive for methamphetamine, Suboxone, and marijuana. The petition further alleged that marijuana and drug paraphernalia, including syringes, were found in the father's home. As a result, the father was arrested for violating the terms of his parole. In regard to petitioner, the petition alleged that she could not assume custody of the children because she was incarcerated at the time the petition was filed. Further, the DHHR alleged that the children were unbathed and suffered from head lice, and that infant S.P. had an untreated fever. Based on these facts, the DHHR alleged that petitioner subjected the children to unsafe conditions and suffered from substance abuse issues

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

that negatively impacted her parenting abilities. Petitioner thereafter waived her preliminary hearing.

In September of 2018, petitioner, who by this point had been released from incarceration, stipulated to her inability to protect the children and subjecting them to unsafe conditions. Petitioner further stipulated to a history of substance abuse and neglecting the children due to her poor decision making. As part of her stipulation, petitioner agreed to undergo rehabilitation for her substance abuse and acknowledged that services would be necessary to resolve other issues. In October of 2018, petitioner filed a motion for a post-adjudicatory improvement period. The circuit court scheduled a hearing to address both the motion and disposition that same month. Petitioner failed to appear, although she was represented by counsel. During the hearing, the circuit court ordered that, in order to exercise supervised visitation with the children, petitioner was required to comply with drug screens as directed.

In December of 2018, the circuit court reconvened the hearing. Petitioner was again absent, although she was represented by counsel. The DHHR presented evidence of petitioner's noncompliance with services, which resulted in those services being closed one month prior to the hearing. Evidence further established that petitioner, who submitted to only two screens, tested positive for multiple substances, including amphetamine, methamphetamine, and morphine. Further, petitioner missed twenty-one scheduled screens between September and December of 2018. Due to her failure to consistently undergo drug screens, petitioner had only one visit with the children. Further, although the DHHR scheduled a psychological evaluation for petitioner and secured her transportation, petitioner failed to appear for her appointment. Based on this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect because of her failure to follow through with services. Moreover, due to the children's young ages and petitioner's inability to correct the conditions of abuse and neglect, the circuit court found that termination of petitioner's parental rights was in the children's best interests. As such, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights to the children. It is from the dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

---

[2]All parents' parental rights were terminated below. According to respondents, the permanency plan is adoption in the current foster home.

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). On appeal, we find no error in the proceedings below.

Petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. According to petitioner, in both her stipulation at adjudication and her motion for an improvement period, she acknowledged the need for services to assist her in remedying the underlying conditions necessitating the petition's filing. Further, petitioner argues that her motion asserted that she would comply with the terms and conditions of an improvement period. This argument is not compelling, however, given that the totality of the evidence below shows that petitioner failed to satisfy the burden necessary to obtain an improvement period due to her overwhelming noncompliance with services.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the parent/respondent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period.'" *In re: Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004).

While petitioner cites to her acknowledgement that services were necessary and her express desire to participate in these services, petitioner fails to recognize that the circuit court found that her overwhelming noncompliance throughout the proceedings established that she was unlikely to fully participate in an improvement period. According to the record, petitioner's services were terminated because of her failure to comply. The record further shows that, because of her failure to comply with drug screens, petitioner saw the children only once during the proceedings. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *Katie S.*, 198 W. Va. at 90 n.14, 479 S.E.2d at 600 n.14 (citations omitted). As such, it is clear that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

Finally, we find no error in the termination of petitioner's parental rights. According to petitioner, a less-restrictive disposition under West Virginia Code § 49-4-604(b)(5) was appropriate because such disposition "provides the same protection to the children as termination." We do not agree. Pursuant to West Virginia Code § 49-4-604(b)(5),

> [u]pon a finding that the abusing parent . . . [is] presently unwilling or unable to provide adequately for the child's needs, [a circuit court may] commit the child *temporarily* to the care, custody, and control of the state department, a licensed

3

private child welfare agency, or a suitable person who may be appointed guardian by the court.

(Emphasis added). What petitioner fails to recognize is that this dispositional alternative provides only for a temporary placement for the child, while termination of parental rights under West Virginia Code § 49-4-604(b)(6) allows for a permanent placement. As this Court has long held, the paramount goal of these proceedings is to facilitate "safe, stable, secure permanent homes for abused and/or neglected children." *In re Emily*, 208 W. Va. 325, 337, 540 S.E.2d 542, 554 (2000) (quoting W. Va. R. Proc. for Child Abuse and Neglect Proc. 2). As such, it is clear that petitioner's assertion that this less-restrictive dispositional alternative would provide the child with the same stability as termination of her parental rights is without merit.

Moreover, the circuit court was presented with sufficient evidence to terminate petitioner's parental rights. As set forth above, the DHHR presented evidence that established petitioner was almost entirely noncompliant with the services provided and continued to abuse controlled substances through the proceedings. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Petitioner's participation in services was so minimal that her services were terminated a month prior to the dispositional hearing and she was able to visit the children only once during the proceedings. Accordingly, it is clear that the circuit court did not err in finding that there was no reasonable likelihood petitioner could substantially correct the conditions in the near future. Further, the circuit court's finding that the children, then of very tender ages, required stability and permanency supports its finding that termination of petitioner's parental rights was in their best interest. According to West Virginia Code § 49-4-604(b)(6), circuit courts may terminate parental rights upon these findings. Additionally, this Court has held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 3, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 12, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison